UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS GERARDO MORA,<br><br>                   Plaintiff(s),<br>     v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>                   Defendant(s). | CASE NO. C24-0494-KKE<br><br>ORDER GRANTING MOTION TO REMAND |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this action arising from an insurance dispute in April 2024. Dkt. No. 1. Plaintiff Luis Gerardo Mora now moves to remand this action to Snohomish County Superior Court on multiple grounds. Dkt. No. 13. Because the Court agrees with Mora that there is no diversity of citizenship to support the Court's exercise of diversity jurisdiction, it need not reach Mora's other grounds for remand and will grant Mora's motion.

## I.    BACKGROUND

Mora was injured in February 2020 when Defendant John Wagner "made an abrupt and careless left turn" into Mora's car. Dkt. No. 1-3 ¶ 1.2. Wagner was 89 years old at the time of the collision and suffering from dementia, and his daughter, Lauren King, served as his guardian and power of attorney. *Id*. ¶ 1.3. Wagner was insured through an automobile policy issued by State Farm, with bodily injury liability limits of $100,000. *Id*. Mora suffered catastrophic injuries that

exceeded the available policy limits, but he offered to settle all claims against Wagner for his policy limits in a February 2021 demand directed to State Farm. *Id*. ¶¶ 1.2, 1.4.

State Farm rejected that demand, and Mora then filed a lawsuit in July 2021 against Wagner to resolve his claims. Dkt. No. 3-1. Litigation between Mora and Wagner proceeded for more than a year and a half. Dkt. No. 1-3 ¶ 1.9. With a trial date approaching, Mora and King (purportedly on Wagner's behalf) entered into an Assignment and Covenant Not to Execute Agreement ("A&A") with a stipulated judgment in the amount of $3 million, and this agreement was conditioned upon its approval by the Snohomish County Superior Court at a reasonableness hearing. *See* Dkt. No. 3-2. State Farm intervened in the action, conducted discovery, and participated in the reasonableness hearing. *See* Dkt. No. 3-3 at 23, Dkt. No. 14-1. The Snohomish County Superior Court confirmed in findings of fact and conclusions of law entered in July 2023 that $3 million was a reasonable valuation of Mora's damages. Dkt. No. 3-3. In September 2023, the Snohomish County Superior Court entered Mora's proposed judgment summary, indicating that Wagner owed Mora $3 million with interest accruing as of July 24, 2023. Dkt. No. 3-5.

State Farm appealed certain orders entered by the Snohomish County Superior Court, including the entry of Mora's proposed judgment summary. Dkt. No. 14-1. The Court of Appeals for the State of Washington (Division One) found some of State Farm's appeal to be untimely, and limited State Farm's appeal to the entry of the judgment summary. Dkt. No. 14-2.

On February 9, 2024, Mora requested leave from the Snohomish County Superior Court to amend his complaint to add claims against State Farm that Wagner assigned to Mora via the A&A. Dkt. No. 14-3 at 8. On February 20, 2024, State Farm satisfied the judgment that had been entered against Wagner, and thereafter voluntarily dismissed its appeal of the judgment as moot. Dkt. Nos. 3-6, 3-8, 14-5. State Farm subsequently opposed Mora's motion for leave to amend the complaint on the grounds that (as of February 23, 2024) it had filed its own declaratory action in

ORDER GRANTING MOTION TO REMAND - 2

this Court against Mora and Wagner, requesting a declaratory judgment that it owes no payment under its policy either because Wagner violated the terms of the policy by entering into the A&A with Mora without State Farm's consent, or because State Farm had already paid the entire judgment amount that Wagner owed to Mora.  *See State Farm Mut. Auto. Ins. Co. v. Mora*, No. 2:24-cv-00249-KKE, Dkt. No. 1.  On February 29, 2024, the Snohomish County Superior Court granted Mora's motion for leave to amend the complaint "without prejudice to State Farm to note a motion objecting to amendment within 30 days." Dkt. No. 14-6.

Mora filed his first amended and supplemental complaint that same day, listing a claim against Wagner for negligence, and claims against State Farm for breach of the implied covenant of good faith and fair dealing, breach of contract, violation of Washington's Consumer Protection Act, bad faith, and negligence, and for a declaratory judgment that State Farm is bound to pay the entire judgment amount even though that amount exceeds the policy limits.  *See* Dkt. No. 1-3 ¶¶ 6.1–11.3.  Mora served the amended complaint on all counsel of record on February 29, 2024, and also served State Farm via the State of Washington's Office of Insurance Commissioner on March 7, 2024.  Dkt. Nos. 14-7, 14-8.  State Farm removed the action to this Court on April 11, 2024, invoking the Court's diversity jurisdiction.[1]  Dkt. No. 1.

Mora filed a motion to remand, on several alternative grounds.  Dkt. No. 13.  The Court has considered the parties' briefing and heard the oral argument of counsel.  Dkt. No. 25.  For the following reasons, the Court grants Mora's motion.

---

[1] At the time that State Farm filed its notice of removal, it included an incomplete assortment of state court records. *See* Dkt. Nos. 1, 3.  Mora's motion to remand noted that State Farm's filings were incomplete (Dkt. No. 13 at 9–10), and State Farm subsequently filed more than 2,500 pages of state court records.  *See* Dkt. No. 16.  Although State Farm contends that these documents were inadvertently omitted from the initial filing, and that this mistake has been corrected, it cannot be reasonably disputed that omitting them complicated the Court's obligation to scrutinize the notice of removal and consider whether it has subject matter jurisdiction over the action, whether or not the omission was intentional.

ORDER GRANTING MOTION TO REMAND - 3

## II. ANALYSIS

### A. Legal Standards

Federal courts are vested with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]" 28 U.S.C. § 1332(a)(1). A defendant may remove an action filed in state court to the federal court in that district if the case could have been filed originally in federal court. 28 U.S.C. § 1441(a). Actions cannot be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The removal statute is strictly construed against removal jurisdiction[.]" *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant bears the burden of establishing the existence of federal jurisdiction. *See Lockyer*, 375 F.3d at 838.

### B. There Is Incomplete Diversity of Citizenship Because Both Mora and Wagner are Citizens of Washington.

Mora contends that State Farm improperly invoked the Court's diversity jurisdiction without complete diversity of citizenship, because Mora (Plaintiff) and Wagner (Defendant) are both citizens of Washington. Dkt. No. 13 at 5–7. State Farm acknowledges this fact, but its notice of removal alleges that Wagner was fraudulently joined or is only a "nominal party" because Mora's claims against him have been settled and Wagner's claims against State Farm have been assigned to Mora. *See* Dkt. No. 1 at 4–5. Thus, although Wagner is listed as Defendant, State Farm contends that because there is no longer any adversity between Mora and Wagner, Wagner

should be realigned with Mora for purposes of determining diversity of citizenship. *See* Dkt. No. 17 at 6–10.

For the following reasons, State Farm has not met its burden to show that Wagner was fraudulently joined or is a truly nominal party, such that he should be realigned as a plaintiff.

1. Legal Standards

The court retains the authority to realign the parties according to their interests for purposes of determining whether diversity of citizenship exists in cases removed from state court. *See, e.g., City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313–14 (11th Cir. 2012) ("[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants."); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("[W]e are obliged to confront the question of jurisdiction whenever it is apparent that proper alignment of the parties might destroy complete diversity of citizenship.").

If a non-diverse defendant has been "fraudulently joined," then complete diversity is not required for removal. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (cleaned up). The removing defendant asserting fraudulent joinder "face[s] both the strong presumption against removal jurisdiction and the 'general presumption against fraudulent joinder.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

### 2. State Farm Has Not Established That Wagner was Fraudulently Joined or is Otherwise Fully Aligned with Mora.

In arguing that Wagner was either fraudulently joined or should be considered a nominal party, State Farm emphasizes that Mora's claim against Wagner has been "completely and fully litigated" such that those parties are now entirely aligned, given Mora's A&A with Wagner and State Farm's payment to Mora. Dkt. No. 17 at 7. The nuances of the state court proceedings as well as proceedings in federal court cast doubt on that assertion, however.

When asked at oral argument why Mora continued to assert a negligence claim against Wagner that appeared to have settled, counsel emphasized that at the time that the motion for leave to amend was initially filed, State Farm had not yet dismissed its appeal of the judgment summary or paid the judgment. Counsel also noted that, while the motion for leave to amend was pending in state court, State Farm filed a related action pending in this Court, asserting that the A&A is invalid because (1) it was signed by Wagner's guardian, not Wagner, and Wagner has not been found incompetent; and (2) Wagner assigned or attempted to assign his claims to Mora without State Farm's consent. *See* Complaint, *State Farm v. Mora*, No. C24-0249-KKE (W.D. Wash.), ECF No. 1. Because State Farm argued that there is an "actual and justiciable controversy" as to the validity of the A&A in the *State Farm v. Mora* action, Mora argues that State Farm should be judicially estopped from arguing here, in *Mora v. State Farm*, that the A&A validly realigns the parties' interests in order to support removal jurisdiction. *See* Dkt. No. 19 at 1–2.

Particularly because State Farm has expressed an intent to consolidate this case with the *State Farm v. Mora* action (Dkt. No. 17 at 3 n.1), the Court agrees with Mora that it was not clear at the time that the complaint was amended and this case was removed—nor is it entirely clear now—that there is not at least potential adversity between Mora and Wagner. Under these circumstances, the Court is not persuaded that Wagner was fraudulently joined or that his position

ORDER GRANTING MOTION TO REMAND - 6

is not and never will be adverse to Mora's, such that he should be realigned as a plaintiff. *See, e.g., 3rd & Battery 2 LLC v. Hartford Cas. Ins. Co.*, No. 2:19-cv-1903-MLP, 2020 WL 614654, at *3 (W.D. Wash. Feb. 10, 2020) (finding no fraudulent joinder where the validity of an assignment of claims from a non-diverse defendant to a plaintiff is challenged, such that the state court could find plaintiff has a cause of action against that defendant).

The state court not only *could* find that Mora has a cause of action against Wagner, but the state court granted Mora's motion for leave to amend the complaint, allowing him to maintain a cause of action against Wagner, over the objection of State Farm (Dkt. No. 14-4) *and* Wagner.[2] Although there appear to be several procedural considerations that led to the protracted timeline for Mora's motions for leave to amend the complaint,[3] the state court was nonetheless aware at the time that it allowed Mora to file the first amended complaint that State Farm had already paid the $3 million at issue with respect to the negligence claim asserted against Wagner. Therefore, although State Farm cites that timeline as evidence that Wagner was fraudulently joined (Dkt. No. 17 at 7), that the state court granted a contested motion for leave to amend the complaint—allowing Mora to maintain the claim against Wagner—suggests otherwise. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court

---

[2] Moreover, that Wagner opposed Mora's motion for leave to amend (*see* Dkt. No. 17 at 6) the complaint in state court further suggests that their positions are not entirely aligned as to the operative complaint.

[3] Mora notes that after his first amended complaint was filed, he filed another motion to amend his complaint to add a claim for violation of IFCA on April 9, 2024 (two days before State Farm removed), to reflect that the IFCA waiting period had elapsed, and that, in that version of the complaint, the demand for $3 million was removed because State Farm had already satisfied it by that point. Dkt. No. 13 at 8; *see* Dkt. No. 14-9 (second motion for leave to amend the complaint and proposed second amended complaint). It does not appear that the state court had time to rule on the second motion for leave to amend before the case was removed, however.
     The Court also asked the parties at oral argument to explain why Mora apparently re-filed a motion for leave to amend the original complaint before the first motion was ruled upon (as noted by State Farm (Dkt. No. 14-4 at 4)), and it appears that this was the result of a procedural requirement in state court.

ORDER GRANTING MOTION TO REMAND - 7

would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" (quoting *Hunter*, 582 F.3d at 1046 (emphasis in *Grancare*))). Given that State Farm opposed the motion for leave to amend in part on the grounds that the amendment prejudiced Wagner (*see* Dkt. No. 14-4 at 13), the Court has significant doubts as to the propriety of a realignment. Given the Court's obligation to reject removal jurisdiction if there is any doubt as to the propriety of removal, the Court will resolve the ambiguities as to the ongoing merit of Mora's claim against Wagner against State Farm.

C.  **Mora Is Not Entitled to Attorney's Fees and Costs.**

Because Mora argues that State Farm lacked an objectively reasonable basis for seeking removal, it requests an award of attorney's fees and costs incurred as a result of removal. Dkt. No. 13 at 18–19 (citing 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). The Court exercises its discretion to decline to award fees and costs, finding that although State Farm's arguments in support of removal jurisdiction did not ultimately carry the day, State Farm did not lack an objectively reasonable basis for seeking removal.

### III.  CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion to remand. Dkt. No. 13.

Dated this 16th day of August, 2024.

_____
Kymberly K. Evanson
United States District Judge