UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS GERARDO MORA,<br><br>  Plaintiff(s),<br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>  Defendant(s). | CASE NO. C24-0494-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

The Court previously granted Plaintiff Luis Gerardo Mora's motion to remand (Dkt. No. 26), and Defendant State Farm Mutual Automobile Insurance Company ("State Farm") requested reconsideration of that order. Dkt. No. 27. The Court ordered Mora to file a response brief, and provided that Defendants John Wagner and Doe Wagner could respond as well, and that State Farm could file a reply. Dkt. No. 29.

After considering the briefing on State Farm's motion and the remainder of the record, the Court finds that State Farm has failed to establish reconsideration is warranted. The Court will therefore deny the motion.

**I.   BACKGROUND**

State Farm removed this case to this Court on April 11, 2024, invoking the Court's diversity jurisdiction. Dkt. No. 1.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

Mora filed a motion to remand on multiple grounds, one of which was that State Farm improperly invoked the Court's diversity jurisdiction without complete diversity of citizenship, because Mora (a plaintiff) and Wagner (a defendant) are both citizens of Washington. Dkt. No. 13 at 5–7. State Farm acknowledges this fact, but its notice of removal alleges that Wagner was fraudulently joined or is only a "nominal party" because Mora's claims against him have been settled and Wagner's claims against State Farm have been assigned to Mora. *See* Dkt. No. 1 at 4–5. Thus, although Wagner is listed as Defendant, State Farm contends that because there is no longer any adversity between Mora and Wagner, Wagner should be realigned with Mora for purposes of determining diversity of citizenship. *See* Dkt. No. 17 at 6–10.

After considering the parties' briefing and the oral argument of counsel on the motion to remand, the Court granted Mora's motion to remand on the grounds that because there is at least potential adversity between Mora and Wagner, Wagner should not be realigned as a plaintiff. Dkt. No. 26. The Court now considers State Farm's motion to reconsider that order. Dkt. No. 31.

## II. ANALYSIS

### A. Legal Standards

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

> A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

*Nelson v. Thurston County*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019).

**B.    State Farm Has Failed to Demonstrate that Reconsideration is Warranted.**

State Farm's motion for reconsideration argues that—contrary to the Court's order granting Mora's motion to remand—there is no potential adversity between Mora and Wagner, as evidenced by the settlement agreement between them. State Farm asserts that Mora argued for the first time at oral argument on the motion to remand that he had a potential breach of contract claim against Wagner; State Farm contends that it did not have the opportunity to respond to Mora's argument regarding a breach of contract claim under these circumstances, nor did it have an opportunity to make the arguments contained in the motion for reconsideration briefing earlier. Dkt. No. 31 at 2.

Mora's motion for remand references a potential breach of contract claim, however, noting that because State Farm filed a complaint for declaratory relief in this Court on February 23, 2024, challenging the validity of the settlement agreement between Mora and Wagner's guardian, there remained open questions (at the time that Mora filed the operative complaint in Snohomish County Superior Court) as to any claims between Mora and Wagner:

> Clearly, there has been no outright fraud in Mora's filing of his complaint over three years ago. This leaves State Farm arguing that Mora cannot state a cause of action against Wagner in state court. Notably, State Farm directly contradicted this argument in its Complaint for Declaratory Relief filed on February 23, 2024, which contended that "Wagner failed to comply with the conditions of the Policy when he assigned or attempted to assign claims to defendant Mora without the consent of State Farm" and that the "settlement agreement between defendant Mora and defendant Wagner is invalid" and "collusive and fraudulently entered into…". (Dkt. #10). Thus, State Farm has raised legally significant issues regarding the validity of the assignment of claims from Wagner to Mora, none of which have been resolved. If what State Farm asserts is established, Mora's claims against Wagner (and/or his guardian) would now include misrepresentation and breach of the settlement agreement. Claims between the two Washington residents would be far from resolved.

Dkt. No. 13 at 6.  In light of this argument, State Farm not only had the opportunity to respond to an argument regarding the existence of a potential breach of contract claim, but it in fact addressed this argument in its response brief.  *See* Dkt. No. 17 at 8–9.  State Farm has thus failed to show it was deprived of an opportunity to raise an argument earlier in the proceeding.

Although State Farm also suggests that "[t]he only pertinent inquiry is whether there is a potentially viable negligence claim against Wagner, since that was the only claim asserted in [Mora's operative Snohomish County Superior Court] complaint.  All parties have now conceded there is not in light of the payment of the judgment" (Dkt. No. 31 at 6), the Court is not aware that Mora has so conceded.  Instead, in his briefing on the motion to remand, at oral argument on that motion, and in his response brief to the motion for reconsideration, Mora has maintained that he continued to assert a negligence claim against Wagner in Snohomish County Superior Court partly because of State Farm's "attack[ on] the validity of the underlying covenant agreement in its declaratory action [C24-0297-KKE (W.D. Wash. Feb. 23, 2024)]." Dkt. No. 30 at 5.

Furthermore, that Snohomish County Superior Court granted Mora's motion for leave to amend the complaint asserting a negligence claim against Wagner, even after State Farm had paid the judgment, suggested to this Court that the negligence claim was at least potentially viable at the time the case was removed.  *See* Dkt. No. 26 at 7.  Although State Farm disagrees, State Farm has not shown that the Court manifestly erred in interpreting the record in this manner, nor has it presented new evidence or argument that could not have been presented earlier.  Accordingly, the Court will deny State Farm's motion for reconsideration.

### III. CONCLUSION

The Court DENIES State Farm's motion for reconsideration. Dkt. No. 27.

Dated this 13th day of November, 2024.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge